Case 2:16-cv-03876-ADS-AYS   Document 1   Filed 07/13/16   Page 1 of 10 PageID #: 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jodie Flynn individually and on behalf of all others similarly situated<br><br>**Plaintiff,**<br><br>v.<br><br>Nationwide Debt Management Solutions, LLC and Brightwater Capital LLC<br><br>**Defendant.** | No. **CV 16 3876**<br>**SPATT, J.**<br>**SHIELDS, M.J.**<br><br>CLASS ACTION COMPLAINT<br><br>JURY DEMANDED |

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1. Plaintiff Jodie Flynn ("Plaintiff") files this Class Action Complaint seeking redress for the illegal practices of Defendants in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

**Parties**

2. Plaintiff Jodie Flynn is a citizen of New York State who resides within this District. The Plaintiff is also known as Jodie Leonard.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. Defendant Nationwide Debt Management Solutions, LLC (Nationwide) is a Limited Liability Company whose regular business includes collecting debts already in default. Defendant regularly collects defaulted debts for others.

5. Defendant Brightwater Capital LLC (Brightwater) is a debt buyer who purchases defaulted debt and attempts to collect such for a profit. It is the regular business practice of Brightwater to collect defaulted debts. It is the principal purpose of Brightwater to collect defaulted debts.

6. Defendants are all "debt collectors," as defined by FDCPA § 1692a(6) in that they regularly attempt to collect debts that are alleged to already be in default.

7. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The debt is alleged to be owed for services related to a medical situation of Plaintiff.

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

12. Defendant Brightwater asserts that they are entitled to collect the alleged debt from Plaintiff.

13. Defendant Brightwater enlisted the assistance of Defendant Nationwide to help them collect the alleged debt.

14. On or February 19, 2016, Defendants sent a debt collection form letter to Plaintiff, a copy of which is attached as <u>Exhibit A</u>, in an attempt to collect the alleged debt. The full content of Exhibit A is incorporated herein.

15. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

16. Exhibit A violates the FDCPA, 15 USC 1692g by not properly identifying the current creditor.

17. Exhibit A identifies the "Current Creditor" as "Synchrony Financial/Brightwater Capital, LLC."

18. "Synchrony Financial" was not the creditor of Plaintiff on February 19, 2016.

19. Exhibit A is objectively false in that it misrepresents the identity of the current creditor.

20. Exhibit A also violates 15 USC 1692e, and various subdivisions thereto, in that it fails to indicate whether the alleged amount due is owed as principal, interest, or some other charge, and fails to disclose that interest may continue to accrue on the account. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). Exhibit A fails to indicate whether the Plaintiff is going to continue to accumulate interest, or incur other costs.

21. The Defendants failed to provide the Plaintiff with information for which the Plaintiff is legally entitled thereby affecting the Plaintiff's ability to address how to handle the alleged debt.

### *Class Action Allegations*

22. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether <u>Exhibit A</u> violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

23. A class action is superior for the fair and efficient adjudication of the class members' claims.

24. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

25. The class members are generally unsophisticated individuals unaware of the

protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendants' records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as <u>Exhibit A</u>; (d) which was not returned by the postal service as undelivered.

29. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

### Violations of the Fair Debt Collection Practices Act

30. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### The Defendants' Letter

31. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA,

Including: 15 U.S.C. §1692 e; U.S.C. §1692 e(2); 15 U.S.C. §1692 e(10); and 15 U.S.C. §1692g.

27  Exhibit A violates 15 U.S.C. §1692 e; 15 U.S.C. §1692 e(10) by misrepresenting the current creditor.

28. Exhibit A violates 15 U.S.C. §1692g(a) by failing to properly identifying the current creditor.

29. Exhibit A violates 15 U.S.C. §1692 e; 15 U.S.C. §1692 e(2); 15 U.S.C. §1692g(a); and 15 U.S.C. §1692f by failing to inform the Plaintiff that interest may continue to accure on the alleged debt.

30. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff.

31. As a result of Defendant deceptive and unfair debt collection practices, Defendant are liable to Plaintiff and the class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in his favor and in favor of the Plaintiff and the members of the Class, against Defendants, awarding damages as follows:

(A)   Statutory damages as provided by § 1692k of the FDCPA;

(B)   Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C)   Declaratory relief declaring that Exhibit A violates the FDCPA; and

(D)   Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip, New York
       July 12, 2016

RESPECTFULLY SUBMITTED,

/S/Joseph Mauro
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

# EXHIBIT A

Nationwide Debt Management Solutions, LLC
3609 Bradshaw Road, Suite H-229
Sacramento, Ca 95827
Office: (888) 414-0763
Fax: (916) 369-6594
www.nationwidedms.com



February 19, 2016

Jodie Leonard
544 Sleepy Hollow Dr
Shirley, NY 11976

**ACCOUNT IDENTIFICATION**
~~Original Account #:xxxx-xxxx-xxxx-3137~~
Current Creditor: Synchrony Financial / Brightwater Capital, Llc
Regarding: Care Credit Cosmetic
Our Agency File #:1509991
Principle Assigned To Us: $3,306.21
Total Now Due: $3,306.21

**THIS NOTICE HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

Dear Jodie Leonard,

    Your account has been referred to our agency for collection action. Since your account is seriously past due, your prompt attention is required.

    It is urgent that you contact this office to resolve this outstanding obligation.

    Unless you notify this office within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debtor any portion thereof, this office will obtain verification or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days of receiving this notice this office will provide you with the name and address of the original creditor, if different from current creditor. Please call (888) 414-0763 for further assistance.

THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS LETTER WAS SENT TO YOU BY A DEBT COLLECTOR.

Notice – See Reverse Side for Important Information

CA – "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

CA – As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

CO – "FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM"

MA – NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID ONLY FOR TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

MI – This communication was mailed to you on February 19, 2016.

MN – This collection agency is licensed by the Minnesota Department of Commerce.

NY - **Prohibited Conduct Disclosure**

"Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
- The use or threat of violence;
- The use or obscene or profane language; and
- Repeated phone calls made with the intent to annoy, abuse, or harass.

**Exempt Income Disclosure**

"If a creditor or debt collector receives a money judgment against you in courts, state and federal laws may prevent the following types of income from being taken to pay the debt;
- Supplemental Security Income (SSI);
- Social security;
- Public assistance (welfare);
- Spousal support, maintenance (alimony) or child support;
- Unemployment benefits;
- Disability benefits;
- Workers' compensation benefits;
- Public or private pensions;
- Veterans' benefits;
- Federal student loans, federal student grants, and federal work study funds; and
- Ninety percent of your wages or salary earned in the last sixty days"

TN – This collection agency is licensed by the Tennessee Department of Commerce and Insurance

UT – As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

WI – This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707

**THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS LETTER WAS SENT TO YOU BY A DEBT COLLECTOR.**